Hearing Date: August 8, 2013, 10:00 a.m. (EST)
Objection Deadline: August 1, 2013, 4:00 p.m. (EST)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                           :   Chapter 11
                                                                 :
BOSTON GENERATING, LLC, *et al.*,                                :   Case No. 10-14419 (SCC)
                                                                 :
                                                                 :
                                          Debtors.               :   Jointly Administered
                                                                 x
                                                                 
MARK HOLLIDAY, the Liquidating Trustee of                        :
the BosGen Liquidating Trust,                                    :   Adv. Pro. No. 12-01879 (SCC)
                                                                 :
                               Plaintiff,                        :
                                                                 :
                             -against-                           :
                                                                 :
K ROAD POWER MANAGEMENT LLC, *et al.*,                           :
                                                                 :
                              Defendants.                        :
                                                                 :
---------------------------------------------------------------- x

**LIQUIDATING TRUSTEE'S MOTION FOR APPROVAL
OF SETTLEMENT WITH GRANT & EISENHOFER,
P.A., FORMER COUNSEL, PURSUANT TO FRBP 9019**

Mark Holliday, as successor Liquidating Trustee (the "Liquidating Trustee") of the BosGen Liquidating Trust (the "Trust"), by his undersigned counsel, for his Motion for Approval of Settlement with Grant & Eisenhofer P.A. ("G&E") Pursuant to FRBP 9019 (the "Motion"), respectfully represents:

NYC:250262.2

**INTRODUCTION**

1.      Shortly after the Liquidating Trustee succeeded Craig Jalbert, the former liquidating trustee, Jager Smith, P.C. ("Jager Smith") and G&E were both replaced as counsel in the Trust's action against *K Road Power Management, LLC, et al.*, No. 12-01879 (SCC) (the "ReCap Litigation"). Gruber, Hurst, Johansen, Hail and Shank LLP ("Gruber Hurst") was engaged by the Liquidating Trustee to prosecute the ReCap Litigation. G&E is no longer involved in the ReCap Litigation. By this Motion, the Liquidating Trustee seeks to settle, compromise and resolve all fee claims asserted against the estate by G&E as former counsel to the Trust. Under the settlement agreement, G&E would be paid a portion of the hourly charges it has incurred. G&E would waive and relinquish any claim to a fifteen percent (15%) contingent or "success" fee.

2.      The Litigation Trust Agreement (the "LTA") specifically designates Milberg LLP ("Milberg") and Jager Smith as Contingency Counsel to prosecute the ReCap Litigation. (LTA at §9.1). The Contingency Fee Counsel's fees were "capped" at an aggregate of 33⅓% of the gross proceeds of the ReCap Litigation. (LTA at §9.2).[1]

3.      Less than a year after the Effective Date of the Plan, Milberg was no longer in the picture. In August 2012, after considering the engagement of several law firms to prosecute the ReCap Litigation, G&E was engaged by the former liquidating trustee to prosecute the ReCap Litigation instead of Milberg. Pursuant to G&E's engagement letter, dated August 10, 2012, a copy of which is annexed hereto as Exhibit "A," G&E was to be paid hourly, in cash, at a blended discounted $450 per hour rate for all attorneys and $200 for all paralegals, with such

---

[1] Although the engagement letters between the former liquidating trustee and Milberg and Jager Smith appear to provide for each firm to receive a fee of 33⅓% of (x) litigation recoveries less (y) expenses of the litigation, it was apparently always contemplated that Jager Smith and Milberg LLP would be sharing, or consensually dividing, the 33⅓% contingency fee on the ReCap Litigation.

2

hourly fees capped at $2 million, plus a contingency or "success" fee of fifteen percent (15%) of the gross recovery in the ReCap Litigation and the Trust was to pay the cost of all expenses, experts and otherwise, of the action.

4. As indicated in Paragraph 1 above, Gruber Hurst is sole counsel to the Liquidating Trustee in the ReCap Litigation. Gruber Hurst's fee arrangement under its engagement letter is an "all-in" price of $2 million, in cash, plus twenty-five percent (25%) of the recovery in the action. Gruber Hurst is solely responsible for paying all costs and expenses of the action, including all experts and all document management costs and expenses. As the Court is aware, such expenses can be significant.

5. G&E has been paid $140,920.69 for hourly charges and incidental out of pocket expenses for the period from August 1, 2012 – November 30, 2012. G&E has an open invoice to the Trust for $132,728.16 for hourly charges and incidental out of pocket expenses.

## RELIEF REQUESTED

6. The Liquidating Trustee seeks to settle, compromise and resolve G&E's claim for compensation in the ReCap Litigation, including resolution of G&E's fifteen percent (15%) contingency or "success" fee under its engagement letter. In full consideration and satisfaction of all G&E claims for fees and compensation including its contingency or "success" fee, the Liquidating Trustee and G&E have agreed, subject to this Court's approval, that G&E would be paid cash in the amount of $105,000. G&E would waive, relinquish and release claims for any additional amounts including its fifteen percent (15%) contingency or "success" fee. Attached as Exhibit "B" is a proposed settlement agreement between the Liquidating Trustee and G&E.

7. This Court has jurisdiction over this matter pursuant to section 12.01 of the Plan and paragraph 21 of the Confirmation Order.

8. Pursuant to FRBP 9019, this Court should exercise its discretion to approve the settlement of this action as it is in the Liquidating Trustee's business judgment fair and reasonable under the circumstances.

9. The undersigned has filed this Motion in both the ReCap Litigation adversary proceeding and in the Chapter 11 case; and has given both electronic notice and notice to the FRBP 2002 list in the chapter 11 case.

**WHEREFORE,** for the reasons set forth above, the Motion should be granted.

Dated: June 27, 2013
New York, New York

        ANDREWS KURTH LLP

        By: /s/ Paul N. Silverstein
        Paul N. Silverstein (PS 5098)
        450 Lexington Avenue, 15th Floor
        New York, New York 10017
        Telephone: (212) 850-2800
        Facsimile: (212) 850-2929

        *Counsel to Mark Holliday, Liquidating*
        *Trustee of the BosGen Liquidating Trust*

## EXHIBIT A

G&E Engagement Letter



**Grant & Eisenhofer P.A.**

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500 • Fax: 646-722-8501

123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7000 • Fax: 302-622-7100

www.gelaw.com

1920 L Street, N.W., Suite 400
Washington, DC 20036
Tel: 202-386-9500 • Fax: 202-386-9505

Stuart M. Grant
Managing Director
Tel: 302-622-7070
sgrant@gelaw.com

August 10, 2012

Mr. Craig Jalbert
Liquidating Trustee of the Boston Generating Liquidating Trust
c/o Jager Smith P.C.
One Financial Center, Fourth Floor
Boston, MA 02111-2621

Re: **Boston Generating**

Dear Mr. Jalbert:

We are pleased that the Boston Generating Liquidation Trust (the "Trust") has asked Grant & Eisenhofer P.A. ("G&E") to represent the Trust in connection with an action regarding the leveraged recapitalization of Boston Generating, LLC ("BosGen").

We would like to confirm our arrangement for fees and expenses with respect to this matter. G&E's fee will be based on both an hourly basis and a success fee. G&E's hourly fees will be based on the time expended by the attorneys and paralegals who render services on the matter for the Trust at a reduced hourly rate of $450 for lawyers, and $200 for paralegals. There will be a cap of $2 million on hourly fees. G&E will also be entitled to a success fee of 15% of the gross recovery in this matter, whether by judgment, settlement or any other event of recovery.

In addition to fees for services, the Trust will be responsible for all costs and expenses that G&E may incur in connection with this representation. These costs and expenses may, among other things, include: filing fees, transcripts, investigators' charges, expert witness fees, photocopying, computer-assisted research costs, telephone charges, facsimile charges, travel expenses, special mailings and messenger charges. G&E will consult the Trust on expert selection and will regularly update the Trust on the status of costs. In certain situations, G&E may ask that the Trust make direct payment to the supplier for large disbursement billings.

The Trust will be billed monthly for all fees and expenses, with payment due upon receipt. It is understood that the fees described above are for G&E only and not for other counsel who have represented, are currently representing, or may in the future represent the Trust. The Trust will defend and indemnify G&E against any claims asserted for attorneys' fees or costs by any other law firm.

Mr. Craig Jalbert
August 10, 2012
Page 2

G&E will keep the Trust timely apprised of significant developments and decisions in the case. G&E will provide periodic written reports and will notify the Trust regarding court appearances, depositions or other significant proceedings. G&E will consult with the Trust to discuss legal issues and strategies and will seek prior approval regarding significant decisions. G&E agrees to provide the Trust with copies of all pleadings pertaining to this matter and will provide significant pleadings to the Trust in advance of submission to the court. G&E agrees to meet with the Trust, or its representatives, to discuss this matter, as required.

This agreement shall be enforceable only by G&E and the Trust and is not intended to, nor shall it be construed to, create any third party beneficiary rights. Any dispute arising out of this letter agreement shall be arbitrated before JAMS in the city of New York. This letter agreement shall be governed by the laws of New York and subject to its jurisdiction.

The Trust hereby provides G&E with authority to execute documents and agreements on its behalf and to collect and hold on its behalf monies paid to it by way of settlement. The Trust also agrees to cooperate fully with G&E in its handling of the claims. The Trust will make its representatives and employees available for consultation and legal proceedings, promptly supply information and documents requested in a truthful and complete fashion and refrain from negotiating and settling the matter without the participation of G&E.

In connection with the Trust's role as a potential plaintiff, it may be necessary at some time in the future for the trust to collect and produce documents related to the claims and defenses in the litigation. We do not yet know precisely which documents the defendants will seek or the documents the Court might require the Trust to turn over, but in the meantime, the trust must preserve all documents that might be relevant to the claims and defenses in this case.

To the extent the Trust has any of the above-described documents in the Trust's possession, or any other documents the Trust believes may be relevant to the litigation, please make sure all necessary steps are taken to preserve those documents, even if those documents may be protected from discovery by a privilege (e.g., attorney-client privilege). In particular, please ensure that the Trust immediately suspend any procedure that might result in the disposal or destruction of such documents. Please note that "documents" for purposes of anticipated discovery in the case includes not only written materials, but also tape recordings, emails and all other forms of electronically stored or transmitted materials.

It is hereby expressly recognized by the Trust that the Trust (or any of its beneficiaries) may at some future time choose to move to be lead plaintiff in an unrelated case and choose a firm other than G&E as counsel. In such a case, the Trust (and its beneficiaries) waives any possible conflict if G&E is retained by another investor also seeking to be lead plaintiff.

If you have any questions about this Agreement, please call me. After you have read and fully understand the Agreement, please have this Agreement signed, fax or email me a copy, return the original to me and keep a copy for your records.

Mr. Craig Jalbert
August 10, 2012
Page 3

We are grateful for the privilege of representing the Trust in this matter.

Very truly yours,

Stuart M. Grant

SMG/ej

AGREED TO AND ACCEPTED
this 10th day of August 2012.

_____
Liquidating Trustee of the Boston Generating Liquidating Trust

## EXHIBIT B

Stipulation and Release

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
In re:                                                           :     Chapter 11
                                                                 :
BOSTON GENERATING, LLC, *et al.*,                                :     Case No. 10-14419 (SCC)
                                                                 :
                    Debtors.                                     :     Jointly Administered
---------------------------------------------------------------- x

## STIPULATION AND RELEASE

Mark Holliday, the successor Liquidating Trustee (the "Trustee") of the BosGen Liquidating Trust (the "Trust") and Grant & Eisenhofer, P.A. ("G&E" and, together with the Trustee, the "Parties"),[1] hereby enter into this Stipulation (the "Stipulation") and represent and agree as follows:

## RECITALS

WHEREAS, on September 15, 2011, the Trust was established pursuant to the Joint Plan of Liquidation of Boston Generating LLC, et. al.;

WHEREAS, G&E and the former liquidating trustee, Craig Jalbert, entered into an Engagement Letter, dated as of August 10, 2012 (the "Engagement Letter"), pursuant to which, among other things, G&E was retained by the Trust to represent the Trust in connection with the Trust's action against *K Road Power Management, LLC, et. al.* No. 12-01879 (SCC) (the "ReCap Litigation");

WHEREAS, G&E provided services to the Trust until on or around March 13, 2013, at which time G&E ceased representing the Trust in connection with the ReCap Litigation;

---

[1] The Trustee and G&E are each referred to herein as a "Party" as the context may require.

1

NYC:250166.3

WHEREAS, G&E has alleged that G&E is entitled to recover from the Trust certain unpaid fees and compensation pursuant to the Engagement Letter including unpaid hourly charges and a contingency or "success" fee of fifteen percent (15%) of the recovery in the ReCap Litigation, (the "G&E Claim"); and

WHEREAS, the Parties desire to settle and resolve for all purposes any claims and causes of action they may have against each other.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the foregoing Recitals, the covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the Parties hereto, the Parties agree as follows:

1.  In full, final and complete satisfaction of the G&E Claim, the Trust shall pay to G&E the sum of one hundred five thousand dollars ($105,000.00) (the "Settlement Payment"). The Settlement Payment shall be made within twenty (20) business days following the Court's approval of the Stipulation.

2.  Upon G&E's receipt of the Settlement Payment, each of the Parties, on behalf of themselves and their respective successors, assigns, agents, employees, shareholders, partners, officers, directors, attorneys, and representatives of any kind (collectively, the "Released Parties"), shall be deemed to have forever released and discharged each other and the Released Parties of and from any and all claims, demands, damages, actions, causes of action, debts, costs, expenses, compensation, liabilities or controversies arising out of or related to the Engagement Letter and in connection with the ReCap Litigation and the Trust. By way of clarification and not limitation, the Trust

shall be deemed to have released any claim that G&E could be required to repay to the Trust any portion of the amount paid to G&E hereunder or any prior amount paid by the Trust to G&E.

3. This Stipulation contains the entire, complete and integrated agreement and understanding between the Parties hereto relating to the subject matter contained herein, superseding any prior oral or written agreements pertaining to this subject matter. Nothing contained in this Stipulation may be waived, altered, amended or modified in any respect or particular whatsoever, except by a writing duly executed by each of the Parties hereto. None of the Parties, individually, shall be considered to be a drafter of this Stipulation; instead, the Parties agree that they mutually and jointly drafted this Stipulation with the advice of counsel and, as such, this Stipulation shall not be construed for or against either Party.

4. The Parties agree to execute such further documentation and do all such further acts and things as may be necessary to implement the terms of this Stipulation.

5. This Stipulation shall be construed and enforced in accordance with and governed by the laws of the State of New York.

6. The Parties agree that the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") shall retain exclusive jurisdiction over the interpretation and enforcement of this Stipulation and that the Stipulation shall be of no force and effect until approved by a final and non-appealable order of the Bankruptcy Court.

3

7. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

[Remainder of Page Intentionally Left Blank]

NYC:250166.3

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation as of the 27th day of June, 2013.

**GRANT & EISENHOFER, P.A.**

By: /s/ James J. Sabella
Name: James J. Sabella
Title: Director

**BOSGEN LIQUIDATING TRUST**

By: /s/ Mark Holliday
Name: Mark Holliday
Title: Liquidating Trustee

5