William T. Reid, IV

Joshua J. Bruckerhoff *(pro hac vice)*

Gregory S. Schwegmann

**REID COLLINS & TSAI LLP**

810 Seventh Avenue, Suite 410

New York, NY 10019

Tel: 213.344.5200

wreid@rctlegal.com

jbruckerhoff@rctlegal.com

gschwegmann@rctlegal.com

<table>
<tr><td>Hearing Date:</td><td>April 2, 2020 at 10:30 a.m.</td></tr>
<tr><td>Response Deadline:</td><td>March 26, 2020 at 4:00 p.m.</td></tr>
</table>

*Attorneys for Plaintiff*
*Mark Holliday, the Liquidating*
*Trustee of the BosGen Liquidating Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

In re:

BOSTON GENERATING, LLC, *et al.*,

                       Debtors.

------------------------------------------------------------ x

MARK HOLLIDAY, the Liquidating Trustee of the BosGen Liquidating Trust,

                       Plaintiff,

               -versus-

K ROAD POWER MANAGEMENT, *et al.,*

                       Defendants.

------------------------------------------------------------ x

:
:
:  Chapter 11
:
:  Case No. 10-14419 (SCC)
:
:
:  Jointly Administered

:
:  Adv. Pro. No. 12-01879 (SHL)
:
:
:
:
:
:
:
:
:

**MOTION FOR ORDER APPROVING**
**STIPULATION OF SETTLEMENT PURSUANT TO F.R. BANK. P. 9019**

Plaintiff, Mark Holliday, the Liquidating Trustee of the BosGen Liquidating Trust (the "Trustee"), by his undersigned counsel, submits this Motion (the "9019 Motion") for entry of an order (the "Proposed Order"), in substantially the form annexed hereto as **Exhibit B**, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving the Stipulation of Settlement, dated as of February 23, 2020, among the Trustee and the Aurora Parties (defined below) a copy of which is attached to this 9019 Motion as **Exhibit A** the Proposed Order as **Exhibit 1** (the "Stipulation of Settlement").   In support of the 9019 Motion, the Trustee respectfully represents:

### Jurisdiction, Venue and Predicates for Relief

1.      The Court has jurisdiction over the 9019 Motion under 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      The statutory predicate for the relief requested herein is Bankruptcy Rule 9019(a).

### Relief Requested

4.      By this 9019 Motion, the Trustee and the Aurora Parties seeks entry of the Proposed Order approving the Stipulation of Settlement.   Descriptions of the Stipulation  of Settlement in this 9019 Motion, including all definitions used herein, are in all respects qualified by the Stipulation of Settlement, annexed as Exhibit "A" hereto.

### Background

5.      The above captioned adversary proceeding was commenced on August 17, 2012 [Docket No. 1]. The successor Liquidating Trustee (the "Trustee") filed the Third Amended Complaint on or about April 3, 2019 [Docket No. 272], (the "Complaint").

2

6.      Among the defendants in the Complaint are Satellite Fund II, L.P., Satellite Overseas Fund, Ltd. and Satellite Asset Management, LP, Satellite Senior Income Fund, LLC, Ex Orbit Group, Ltd., The Apogee Fund, Ltd., Satellite Fund IV, LP, Satellite Overseas Fund V, Ltd., Satellite Overseas Fund VI, Ltd., Satellite Overseas Fund VII, Ltd., Satellite Overseas Fund VIII, Ltd, Satellite Overseas Fund IX, Ltd., and Satellite Fund I, LP (collectively, the "Satellite Defendants").

7.      The Aurora Parties (which are identified in *footnote 1* below), specifically ALP, AOF and AOF II are investors in one or more of the Satellite Defendants.[1] While the Aurora Parties are not currently named defendants in the Complaint, the Trustee believes they fall in the class of yet to be named defendants because the Aurora Parties, as investors in one or more Satellite Defendants, may be deemed subsequent transferees of Satellite Defendants. The Aurora Parties have represented to the Trustee that their potential exposure or liability, if any, to or for claims by the Trustee in the Complaint against the Aurora Parties for amounts attributable to their investments in the Satellite Defendants aggregates approximately $3,000,000 (the "Estimated Claim Amount") exclusive of any pre and post judgment interest or similar amounts relating thereto (the "Additional Amount").

8.      The Aurora Parties deny the allegations in the Complaint and do not admit to liability, fault, or any wrongdoing with respect to the matters set forth in the Complaint. The Trustee obviously disagrees with such denial by the Aurora Defendants. Similarly, the Trustee does not concede the accuracy of the Aurora Parties' Estimated Claim Amount.

---

[1] Aurora Investment Management L.L.C. is a United States limited liability company ("AIM"), the general partner of ALP, and the investment manager of AOF and AOF II (each as defined below); Aurora Limited Partnership is a United States limited partnership ("ALP"); Aurora Offshore Fund Ltd. is a Cayman Islands Company ("AOF"); Aurora Offshore Fund Ltd. II is a Cayman Islands Company ("AOF II" and, together with ALP and AOF, collectively, the "Aurora Investors", and the Aurora Investors together with AIM collectively, the "Aurora Parties" and each, individually, an "Aurora Party")

3

9.      The Aurora Parties have represented to the Trustee that (1) they have substantially completed a wind-down of their operations and remain active because of claims that may be asserted against them in connection with the Complaint and (2) given the lengthy duration of this action, the Aurora Parties contend that they expect to deplete their remaining assets before this action is finally resolved and non-appealable.

10.     Based on all of the foregoing, the Aurora Parties and the Trustee (acting in reliance of the Aurora Parties' representations) have determined and agreed settle claims pursuant to the terms of the Stipulation of Settlement (the "Stipulation of Settlement").  Pursuant to the Stipulation of Settlement, the Trustee will, in exchange for a cash payment from the Aurora Parties of $600,000, release the Aurora Parties and Released Parties (as defined) from liability, with prejudice, to the extent of the $3,000,000 Estimated Claim Amount, plus the Additional Amount related thereto, upon the terms and conditions and to the extent set forth in the Stipulation of Settlement.  The Stipulation of Settlement provides that if it is later determined that the Aurora Defendants' liability is more than the Estimated Claim Amount (plus the Additional Amount related thereto) then the Aurora Parties are not released from any Excess Transfer Amount (as defined) and Additional Amount, relating thereto.

11.     For the reasons set forth herein, the Court should approve the Stipulation of Settlement pursuant to Rule 9019.

### Basis for Relief

12.     Bankruptcy Rule 9019(a) provides, in relevant part, that "after notice and a hearing, the court may approve a compromise and settlement."  Settlements and compromises are a "normal part of the process of reorganization," and are encouraged and favored by bankruptcy courts.  *Protective Comm. for Independent Stockholders for TMT Trailer Ferry v. Anderson,* 390 U.S. 414, 424 (1968); *In re Martin,* 91 F 3rd 389, 392 (3rd Cir. 1996)    A

4

"settlement need not be the best that the debtor could have obtained" to be approved under Bankruptcy Rule 9019(a). *In re Adelphia Communications Corp.*, 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005). In making its determination, the Court should not substitute its own judgment for that of the Trustee. *See In re Neshaminy Office Building Associates*, 62 B.R. 798, 803 (Bankr. E.D. Pa. 1986); *see also In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998). The bankruptcy court's inquiry is whether the settlement lies above "the lowest point in the range of reasonableness." *Casoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983). "In doing so, the court is permitted to rely upon 'opinions of the trustee, the parties, and their attorneys.'" *In re Adelphia Communications Corp.*, 327 B.R. at 159 (quoting *Official Comm. of Unsecured Creditors of Int'l Distrib. Ctrs., Inc. v. James Talcott, Inc. (In re Int'l Distrib. Ctrs., Inc.)*, 103 B.R. 420, 423 (S.D.N.Y. 1989)); *see also Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

13.     The Stipulation of Settlement represents a fair and reasonable settlement under the circumstances and is the product of substantial arm's-length and good faith negotiation between the Trustee and the Aurora Parties. The Trustee believes that the Stipulation of Settlement falls within the acceptable range of reasonableness under the circumstances. The Trustee has engaged, and continues to engage, in settlement discussion with other defendants and potential defendants. The Trustee anticipates that further settlements in this action will be brought before this Court for approval. For the reasons set forth above, Trustee respectfully submits and requests that the Court should approve the Stipulation of Settlement pursuant to Bankruptcy Rule 9019.

108773.0209101 NYC 436337v1

## Notice

14.     Notice of this 9019 Motion has been provided to all parties that have filed a notice

of appearance or have requested ECF service in this case.

**WHEREFORE,** based on the foregoing, the Trustee respectfully requests that the

Stipulation of Settlement be approved.

Dated: March 4, 2020

Respectfully submitted,

/s/ *William T. Reid, IV*
William T. Reid, IV
Joshua J. Bruckerhoff *(pro hac vice)*
Gregory S. Schwegmann
**REID COLLINS & TSAI LLP**
810 Seventh Avenue, Suite 410
New York, NY 10019
Tel: 213.344.5200
wreid@rctlegal.com
jbruckerhoff@rctlegal.com
gschwegmann@rctlegal.com

*Attorneys for Plaintiff*
*Mark Holliday, the Liquidating*
*Trustee of the BosGen Liquidating Trust*

6

**<u>EXHIBIT A</u>**

## STIPULATION OF SETTLEMENT
## RECITALS

WHEREAS:

A.       The above captioned adversary proceeding was commenced on August 17, 2012 [Docket No. 1]. The successor Liquidating Trustee (the "Trustee") filed the Third Amended Complaint on or about April 3, 2019 [Docket No. 272], (the "Complaint");

B.       Aurora Investment Management L.L.C. is a United States limited liability company ("AIM"), the general partner of ALP, and the investment manager of AOF and AOF II (each as defined below);

C.       Aurora Limited Partnership is a United States limited partnership ("ALP");

D.       Aurora Offshore Fund Ltd. is a Cayman Islands Company ("AOF");

E.       Aurora Offshore Fund Ltd. II is a Cayman Islands Company ("AOF II" and, together with ALP and AOF, collectively, the "Aurora Investors", and the Aurora Investors together with AIM collectively, the "Aurora Parties" and each, individually, an "Aurora Party");

F.       ALP was an investor in Satellite Fund II, L.P. ("SF II"), and AOF and AOF II were investors in Satellite Overseas Fund, Ltd. ("SOFL"). SF II and SOFL together with Satellite Asset Management, LP, Satellite Senior Income Fund, LLC, Ex Orbit Group, Ltd., The Apogee Fund, Ltd., Satellite Fund IV, LP, Satellite Overseas Fund V, Ltd., Satellite Overseas Fund VI, Ltd., Satellite Overseas Fund VII, Ltd., Satellite Overseas Fund VIII, Ltd, Satellite Overseas Fund IX, Ltd., and Satellite Fund I, LP (collectively, the "Satellite Defendants") are each defendants in the Complaint.

G.       While the Aurora Parties are not currently named defendants in the Complaint, the Trustee believes they fall in the class of yet to be named defendants (collectively, the

1

"Transferee Defendants") in the Complaint because the Aurora Parties are investors in one or more Satellite Defendants and may be deemed subsequent transferees of Satellite Defendants. Specifically, the Aurora Parties have represented to the Trustee that their potential exposure or liability, if any, to or for claims by the Trustee against the Aurora Parties for amounts attributable to their investments in the Satellite Defendants aggregates approximately $3,000,000 exclusive of any Additional Amount (the "Estimated Claim Amount");

H.    The Aurora Parties deny the allegations in the Complaint and do not admit to liability, fault, or any wrongdoing with respect to the matters covered by those allegations, and the Trustee does not concede the accuracy of the Aurora Parties' calculation of the Estimated Claim Amount identified and defined in Recital G hereof;

I.    The Aurora Parties have represented to the Trustee that (1) they have substantially completed a wind-down of their operations and remain active because of claims that may be asserted against them in connection with the Complaint and (2) given the lengthy duration of this action, the Aurora Parties contend that they expect to deplete their remaining assets before this action is finally resolved and non-appealable;

J.    Based on the foregoing, the Aurora Parties and the Trustee (acting in reliance of the Aurora Parties' representations herein) have agreed to this stipulation and agreement (the "Stipulation") whereby the Trustee will, in exchange for a cash payment from the Aurora Parties of $600,000, release the Released Parties (as defined below) from liability, with prejudice, upon the terms and conditions and to the extent set forth herein.

## TERMS OF SETTLEMENT

It is therefore stipulated and agreed among the Trustee and the Aurora Parties (the Trustee and the Aurora Parties, collectively, the "Parties" and each a "Party"), each intending to be legally bound hereby, as follows:

1.     Recitals Incorporated:  All of the Recitals set forth above are incorporated by reference herein and made a part hereof.

2.     Authority:  Each of the Trustee and the Aurora Parties represents and warrants to the other that: (i) it has all necessary power and authority to execute and deliver this Stipulation and to perform its respective obligations hereunder; (ii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) other than the Court's (as defined below) approval of the Stipulation, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder.

3.     Additional Definitions:  In addition to the other terms defined elsewhere herein, when used in this Stipulation the following terms have the following meanings (all terms defined in this Stipulation in the singular to have the same meaning when used in the plural and *vice versa*):

(a)     "Actual Claim Amount" means, with respect to the Aurora Parties, a final, non-appealable determination in this adversary proceeding as to the liability for the claims by the Trustee against the Aurora Parties.  The determination of the Actual Claim Amount shall be with respect to the portion of the EBG Transfers (as defined in the Complaint) determined to be attributable to the Aurora Parties but shall exclude any Additional Amount.

3

(b)     "Additional Amount" means pre-judgment interest, post-judgment interest, attorneys' fees, fines, penalties, or other similar amounts added to the recovery by the Trustee against the Aurora Parties.

(c)     "Excess Transfer Amount" means, if there has been an Excess Transfer Determination, with respect to Aurora Parties, the amount equal to (1) the Actual Claim Amount, minus (2) the Estimated Claim Amount.

(d)     "Excess Transfer Determination" means, with respect to the Aurora Parties, a final, non-appealable determination by the Court in this adversary proceeding (the "Court") that the Actual Claim Amount exceeds, or is greater than, the Estimated Claim Amount.

(e)     "Released Claims" means solely with respect to the transactions and other financial activities referred to or described in the Complaint any claims, actions, suits, damages, judgments or demands of any kind, whether known or unknown, contingent, liquidated or unliquidated up to the Estimated Claim Amount and Additional Amount applicable thereto (with respect to all Released Parties).

(f)     "Released Parties" means (1) the Aurora Parties and their respective past and present parents and subsidiaries, (2) the Aurora Parties' past and present control persons, investors, partners, members, stockholders and distributees (in each case solely in that capacity), (3) each of the past and present directors, managers, officers, agents and legal representatives of the Released Parties included in (1) and (2) above (in each case solely in that capacity), and (4) each of the past and present spouses, heirs, executors, administrators, insurers, subrogees of the Released Parties included in (1), (2) and (3) above (in each case solely in that capacity); and (5) each of the successors, legal representatives and assigns of the Released Parties included in (1) through (4) above, provided that in no event shall any Unreleased Party be a Released Party.

4

(g)     "Releasors" means (1) the Trustee, (2) the Trust acting for itself and its beneficiaries, (3) Boston Generating, LLC for itself and its subsidiaries, (4) EBG Holdings LLC, for itself and its subsidiaries, and (5) each of the successors, legal representatives and assigns of the Releasors included in (1) through (4) above.

(h)     "Unreleased Parties" means (1) any party currently named in the Complaint, including the Satellite Defendants, (2) Transferee Defendants other than the Released Parties described in (1) through (4) of the definition of Released Parties, including the other limited partners, investors, distributees, transferees, successors, legal representatives and assigns of the Satellite Defendants, and, (3) any individual or entity included in clauses (2), (3) and (4) of the definition of Released Parties if and to the extent acting in a capacity other than the one designated in the applicable clause.

4.     _Settlement Payment_:  No later than ten (10) business days after the date the Court's Order approving this Stipulation of Settlement is entered, the Aurora Parties shall pay $600,000 (the "_Settlement Payment_") to the following account as payment to the Trustee in full settlement of all claims up to, and including, the Estimated Claim Amount and Additional Amount relating thereto against the Released Parties upon the terms and conditions, and to the extent provided herein.

> Payee Name: The BosGen Liquidating Trust
> Payee TIN: To be provided
> Wire Instructions:
> Bank:  Citibank, N.A., New York, NY
> Account Name: Hunton Andrews Kurth LLP IOLA Attorney Trust Account
> Account Number: 37179593
> ABA Routing Number:  021000089
> Swift Code: CITIUS33
> Reference:  BosGen 108773/0209101

5

5.    If the Settlement Payment identified in paragraph "4" above is ever avoided or recovered by the Aurora Parties or any of their successors or assigns or by any party acting on their behalf, this Stipulation shall in all respects be void ab initio a nullity and shall be of no force and effect, unless the failure to retain such payment is caused by the actions or omissions of the Trustee.

6.    Limited Releases: Upon the Trustee's receipt of the Settlement Payment, the Releasors, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, and having been represented by counsel and having been fully and adequately informed as to the facts, circumstances and consequences of this Stipulation, hereby release and discharge the Released Parties from and against the Released Claims.

7.    Excess Transfers: If there is an Excess Transfer Determination, then the release granted pursuant to Paragraph 6 of this Stipulation shall not apply to the Excess Transfer Amount and Additional Amount applicable thereto. The Releasors shall be entitled to pursue all available remedies at law or in equity to recover the Excess Transfer Amount and Additional Amount applicable thereto from Aurora Parties.

8.    Covenant Not to Sue: The Trustee, on behalf of itself, its assignors, and the other Releasors, further covenants and agrees not to pursue or prosecute any suit, claim, action, or proceeding seeking recovery in any amount up to and including the Estimated Claim Amount and Additional Amount applicable thereto against or from any of the Released Parties with respect to the Released Claims; provided, however, nothing in this Stipulation shall serve to limit or impair the Trustee's right or ability to conduct this adversary proceeding against, or to sue, any Unreleased Party, except, however, any claims or recovery by the Trustee against the

6

Satellite Defendants in this Adversary Proceeding shall exclude and/or be reduced by the Estimated Claim Amount and any Additional Amount applicable thereto.

9.     No Admissions:  The Releasors and the Released Parties each acknowledge and agree that the matters set forth in this Stipulation constitute the settlement and compromise of all Released Claims and shall not constitute the admission of any fact or liability by the Releasors or by any of the Released Parties regarding any claim, including, but not limited to, the claims released hereunder, and neither the terms hereof, nor the fact of this Stipulation itself, shall be evidence of any kind in any proceeding, other than a proceeding to enforce the terms of this Stipulation or any instrument executed in connection herewith or any claim for damages or other relief for breach of any representation or warranty contained herein or in any instrument executed in connection herewith.

10.     Costs and Expenses:  Each Party shall bear its own costs, attorneys' fees, and expenses entering into this this Stipulation.

11.     Binding Effect: This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns.

12.     Governing Law:  This Stipulation shall be governed by the laws of the state of New York, without regard to conflicts of law principles that would result in the application of the law of another jurisdiction.

13.     Forum Selection:  Any dispute between the Parties to this Stipulation arising out of or relating in any way to this Stipulation shall be resolved in the United States Bankruptcy Court for the Southern District of New York and each Party agrees to submit to the jurisdiction of, and venue in, such court.

7

14.    <u>No Interpretation Against Drafter</u>:  The Parties cooperated in the drafting of this Stipulation and the provisions hereof shall not be construed against any Party.

15.    <u>Subheadings</u>:  Subheadings used herein are intended solely for convenience and ease of reference and have no substantive effect on the terms of the Stipulation.

16.    <u>Entire Agreement</u>:  The Trustee and the Aurora Parties agree that this Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof it is expressly understood and agreed that this Stipulation may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each party.

17.    <u>Counterparts</u>:  This Stipulation may be executed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

**STIPULATION AND CONSENT ORDER PURSUANT TO FED. R. CIV. P. 41(a)
DISMISSING ACTION WITH PREJUDICE WITH RESPECT TO
<u>THE AURORA PARTIES</u>**

February 23, 2020

8

AURORA INVESTMENT
MANAGEMENT L.L.C.

MARK HOLLIDAY, THE
LIQUIDATING TRUSTEE OF THE
BOSGEN LIQUIDATING TRUST

By: _____
         Scott M. Montpas
Title:    General Counsel & CCO

By: _____
         Mark Holliday

AURORA LIMITED PARTNERSHIP

By: _____
         Aurora Investment Management L.L.C.
Title:    General Partner

    By: _____
             Scott M. Montpas
        Title:  General Counsel & CCO

AURORA OFFSHORE FUND LTD.

By: _____
         Scott M. Montpas
Title:  Director

AURORA OFFSHORE FUND LTD. II

By: _____
         Scott M. Montpas
Title:  Liquidator

9

## **EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re:                                                   :    Chapter 11
                                                         :
BOSTON GENERATING, LLC, *et al.*,                        :    Case No. 10-14419 (SCC)
                                                         :
                                                         :
                              Debtors.                   :    Jointly Administered
_____ x

MARK HOLLIDAY, the Liquidating Trustee of               :
the BosGen Liquidating Trust,                            :    Adv. Pro. No. 12-01879 (SHL)
                                                         :
                              Plaintiff,                 :
                                                         :
                    -versus-                             :
                                                         :
K ROAD POWER MANAGEMENT, *et al.*,                       :
                                                         :
                                                         :
                              Defendants.                :
---------------------------------------------------------- x

## ORDER APPROVING STIPULATION OF SETTLEMENT
## PURSUANT TO F.R. BANK. P. 9019

Upon the motion of Mark Holliday, successor Liquidating Trustee (the "Liquidating

Trustee") of the Boston Generating Liquidating Trust (the "Trust") for an Order Approving

Stipulation of Settlement, dated February 23, 2020, Pursuant to Fed. R. Bankr. P. 9019 (the

"Motion") [Docket No. _____]; and the Court has jurisdiction to consider the Motion pursuant to

28 U.S.C. §§ 157(b) and 1334; and this Court having found that proper and adequate notice of

the Motion has been provided and no objections to the Motion having been filed; and after

hearing held before this Court on April 2, 2020, to consider the Motion and the Court having

determined that the relief sought in the Motion is appropriate and there exists just cause for the

relief requested in the Motion and after due deliberation and sufficient cause appearing therefor,

it is hereby:

**ORDERED AS FOLLOWS:**

1.      The Motion is hereby granted;

2.      The Stipulation of Settlement attached hereto as Exhibit 1 is hereby approved; and

3.      This Court shall retain exclusive jurisdiction with respect to all matters relating to

the Motion, the Stipulation of Settlement and this Order

Dated: New York, New York
　　　 April ____, 2020


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
　　　THE HONERABLE SEAN H. LANE
　　　UNITED STATES BANKRUPTCY JUDGE

2

**EXHIBIT 1**

## STIPULATION OF SETTLEMENT

## RECITALS

WHEREAS:

A.    The above captioned adversary proceeding was commenced on August 17, 2012 [Docket No. 1]. The successor Liquidating Trustee (the "Trustee") filed the Third Amended Complaint on or about April 3, 2019 [Docket No. 272], (the "Complaint");

B.    Aurora Investment Management L.L.C. is a United States limited liability company ("AIM"), the general partner of ALP, and the investment manager of AOF and AOF II (each as defined below);

C.    Aurora Limited Partnership is a United States limited partnership ("ALP");

D.    Aurora Offshore Fund Ltd. is a Cayman Islands Company ("AOF");

E.    Aurora Offshore Fund Ltd. II is a Cayman Islands Company ("AOF II" and, together with ALP and AOF, collectively, the "Aurora Investors", and the Aurora Investors together with AIM collectively, the "Aurora Parties" and each, individually, an "Aurora Party");

F.    ALP was an investor in Satellite Fund II, L.P. ("SF II"), and AOF and AOF II were investors in Satellite Overseas Fund, Ltd. ("SOFL"). SF II and SOFL together with Satellite Asset Management, LP, Satellite Senior Income Fund, LLC, Ex Orbit Group, Ltd., The Apogee Fund, Ltd., Satellite Fund IV, LP, Satellite Overseas Fund V, Ltd., Satellite Overseas Fund VI, Ltd., Satellite Overseas Fund VII, Ltd., Satellite Overseas Fund VIII, Ltd, Satellite Overseas Fund IX, Ltd., and Satellite Fund I, LP (collectively, the "Satellite Defendants") are each defendants in the Complaint.

G.    While the Aurora Parties are not currently named defendants in the Complaint, the Trustee believes they fall in the class of yet to be named defendants (collectively, the

1

"Transferee Defendants") in the Complaint because the Aurora Parties are investors in one or more Satellite Defendants and may be deemed subsequent transferees of Satellite Defendants. Specifically, the Aurora Parties have represented to the Trustee that their potential exposure or liability, if any, to or for claims by the Trustee against the Aurora Parties for amounts attributable to their investments in the Satellite Defendants aggregates approximately $3,000,000 exclusive of any Additional Amount (the "Estimated Claim Amount");

H.     The Aurora Parties deny the allegations in the Complaint and do not admit to liability, fault, or any wrongdoing with respect to the matters covered by those allegations, and the Trustee does not concede the accuracy of the Aurora Parties' calculation of the Estimated Claim Amount identified and defined in Recital G hereof;

I.     The Aurora Parties have represented to the Trustee that (1) they have substantially completed a wind-down of their operations and remain active because of claims that may be asserted against them in connection with the Complaint and (2) given the lengthy duration of this action, the Aurora Parties contend that they expect to deplete their remaining assets before this action is finally resolved and non-appealable;

J.     Based on the foregoing, the Aurora Parties and the Trustee (acting in reliance of the Aurora Parties' representations herein) have agreed to this stipulation and agreement (the "Stipulation") whereby the Trustee will, in exchange for a cash payment from the Aurora Parties of $600,000, release the Released Parties (as defined below) from liability, with prejudice, upon the terms and conditions and to the extent set forth herein.

2

## **TERMS OF SETTLEMENT**

It is therefore stipulated and agreed among the Trustee and the Aurora Parties (the Trustee and the Aurora Parties, collectively, the "Parties" and each a "Party"), each intending to be legally bound hereby, as follows:

1.    <u>Recitals Incorporated</u>:  All of the Recitals set forth above are incorporated by reference herein and made a part hereof.

2.    <u>Authority</u>:  Each of the Trustee and the Aurora Parties represents and warrants to the other that: (i) it has all necessary power and authority to execute and deliver this Stipulation and to perform its respective obligations hereunder; (ii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) other than the Court's (as defined below) approval of the Stipulation, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder.

3.    <u>Additional Definitions</u>:  In addition to the other terms defined elsewhere herein, when used in this Stipulation the following terms have the following meanings (all terms defined in this Stipulation in the singular to have the same meaning when used in the plural and *vice versa*):

(a)    "Actual Claim Amount" means, with respect to the Aurora Parties, a final, non-appealable determination in this adversary proceeding as to the liability for the claims by the Trustee against the Aurora Parties.  The determination of the Actual Claim Amount shall be with respect to the portion of the EBG Transfers (as defined in the Complaint) determined to be attributable to the Aurora Parties but shall exclude any Additional Amount.

3

(b)    "Additional Amount" means pre-judgment interest, post-judgment interest, attorneys' fees, fines, penalties, or other similar amounts added to the recovery by the Trustee against the Aurora Parties.

(c)    "Excess Transfer Amount" means, if there has been an Excess Transfer Determination, with respect to Aurora Parties, the amount equal to (1) the Actual Claim Amount, minus (2) the Estimated Claim Amount.

(d)    "Excess Transfer Determination" means, with respect to the Aurora Parties, a final, non-appealable determination by the Court in this adversary proceeding (the "Court") that the Actual Claim Amount exceeds, or is greater than, the Estimated Claim Amount.

(e)    "Released Claims" means solely with respect to the transactions and other financial activities referred to or described in the Complaint any claims, actions, suits, damages, judgments or demands of any kind, whether known or unknown, contingent, liquidated or unliquidated up to the Estimated Claim Amount and Additional Amount applicable thereto (with respect to all Released Parties).

(f)    "Released Parties" means (1) the Aurora Parties and their respective past and present parents and subsidiaries, (2) the Aurora Parties' past and present control persons, investors, partners, members, stockholders and distributees (in each case solely in that capacity), (3) each of the past and present directors, managers, officers, agents and legal representatives of the Released Parties included in (1) and (2) above (in each case solely in that capacity), and (4) each of the past and present spouses, heirs, executors, administrators, insurers, subrogees of the Released Parties included in (1), (2) and (3) above (in each case solely in that capacity); and (5) each of the successors, legal representatives and assigns of the Released Parties included in (1) through (4) above, provided that in no event shall any Unreleased Party be a Released Party.

4

(g)    "Releasors" means (1) the Trustee, (2) the Trust acting for itself and its beneficiaries, (3) Boston Generating, LLC for itself and its subsidiaries, (4) EBG Holdings LLC, for itself and its subsidiaries, and (5) each of the successors, legal representatives and assigns of the Releasors included in (1) through (4) above.

(h)    "Unreleased Parties" means (1) any party currently named in the Complaint, including the Satellite Defendants, (2) Transferee Defendants other than the Released Parties described in (1) through (4) of the definition of Released Parties, including the other limited partners, investors, distributees, transferees, successors, legal representatives and assigns of the Satellite Defendants, and, (3) any individual or entity included in clauses (2), (3) and (4) of the definition of Released Parties if and to the extent acting in a capacity other than the one designated in the applicable clause.

4.    Settlement Payment:    No later than ten (10) business days after the date the Court's Order approving this Stipulation of Settlement is entered, the Aurora Parties shall pay $600,000 (the "Settlement Payment") to the following account as payment to the Trustee in full settlement of all claims up to, and including, the Estimated Claim Amount and Additional Amount relating thereto against the Released Parties upon the terms and conditions, and to the extent provided herein.

> Payee Name: The BosGen Liquidating Trust
> Payee TIN:  To be provided
> Wire Instructions:
> Bank:  Citibank, N.A., New York, NY
> Account Name: Hunton Andrews Kurth LLP IOLA Attorney Trust Account
> Account Number: 37179593
> ABA Routing Number:  021000089
> Swift Code: CITIUS33
> Reference:  BosGen 108773/0209101

5

5.      If the Settlement Payment identified in paragraph "4" above is ever avoided or recovered by the Aurora Parties or any of their successors or assigns or by any party acting on their behalf, this Stipulation shall in all respects be void ab initio a nullity and shall be of no force and effect, unless the failure to retain such payment is caused by the actions or omissions of the Trustee.

6.      Limited Releases:  Upon the Trustee's receipt of the Settlement Payment, the Releasors, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, and having been represented by counsel and having been fully and adequately informed as to the facts, circumstances and consequences of this Stipulation, hereby release and discharge the Released Parties from and against the Released Claims.

7.      Excess Transfers:  If there is an Excess Transfer Determination, then the release granted pursuant to Paragraph 6 of this Stipulation shall not apply to the Excess Transfer Amount and Additional Amount applicable thereto.  The Releasors shall be entitled to pursue all available remedies at law or in equity to recover the Excess Transfer Amount and Additional Amount applicable thereto from Aurora Parties.

8.      Covenant Not to Sue:  The Trustee, on behalf of itself, its assignors, and the other Releasors, further covenants and agrees not to pursue or prosecute any suit, claim, action, or proceeding seeking recovery in any amount up to and including the Estimated Claim Amount and Additional Amount applicable thereto against or from any of the Released Parties with respect to the Released Claims; provided, however, nothing in this Stipulation shall serve to limit or impair the Trustee's right or ability to conduct this adversary proceeding against, or to sue, any Unreleased Party, except, however, any claims or recovery by the Trustee against the

6

Satellite Defendants in this Adversary Proceeding shall exclude and/or be reduced by the Estimated Claim Amount and any Additional Amount applicable thereto.

9.   <u>No Admissions:</u>  The Releasors and the Released Parties each acknowledge and agree that the matters set forth in this Stipulation constitute the settlement and compromise of all Released Claims and shall not constitute the admission of any fact or liability by the Releasors or by any of the Released Parties regarding any claim, including, but not limited to, the claims released hereunder, and neither the terms hereof, nor the fact of this Stipulation itself, shall be evidence of any kind in any proceeding, other than a proceeding to enforce the terms of this Stipulation or any instrument executed in connection herewith or any claim for damages or other relief for breach of any representation or warranty contained herein or in any instrument executed in connection herewith.

10.   <u>Costs and Expenses:</u>  Each Party shall bear its own costs, attorneys' fees, and expenses entering into this this Stipulation.

11.   <u>Binding Effect:</u> This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns.

12.   <u>Governing Law:</u>  This Stipulation shall be governed by the laws of the state of New York, without regard to conflicts of law principles that would result in the application of the law of another jurisdiction.

13.   <u>Forum Selection:</u>  Any dispute between the Parties to this Stipulation arising out of or relating in any way to this Stipulation shall be resolved in the United States Bankruptcy Court for the Southern District of New York and each Party agrees to submit to the jurisdiction of, and venue in, such court.

7

14.    <u>No Interpretation Against Drafter:</u>  The Parties cooperated in the drafting of this Stipulation and the provisions hereof shall not be construed against any Party.

15.    <u>Subheadings:</u>  Subheadings used herein are intended solely for convenience and ease of reference and have no substantive effect on the terms of the Stipulation.

16.    <u>Entire Agreement:</u>  The Trustee and the Aurora Parties agree that this Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof it is expressly understood and agreed that this Stipulation may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each party.

17.    <u>Counterparts:</u> This Stipulation may be executed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument, and such counterparts shall be construed together as one instrument.  Facsimile or pdf signatures shall be deemed original signatures.

**STIPULATION AND CONSENT ORDER PURSUANT TO FED. R. CIV. P. 41(a)
DISMISSING ACTION WITH PREJUDICE WITH RESPECT TO
<u>THE AURORA PARTIES</u>**

February 23, 2020

8

AURORA INVESTMENT
MANAGEMENT L.L.C.

By: _____
　　　　Scott M. Montpas
Title:　　General Counsel & CCO


AURORA LIMITED PARTNERSHIP



By: _____
　　　　Aurora Investment Management L.L.C.
Title:　　General Partner

　　By: _____
　　　　　Scott M. Montpas
　　　Title:  General Counsel & CCO

AURORA OFFSHORE FUND LTD.


By: _____
　　　　Scott M. Montpas
　　Title:  Director


AURORA OFFSHORE FUND LTD. II


By: _____
　　　　Scott M. Montpas
　　Title:  Liquidator


MARK HOLLIDAY, THE
LIQUIDATING TRUSTEE OF THE
BOSGEN LIQUIDATING TRUST

By: _____
　　　　Mark Holliday

9