UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
BOSTON GENERATING, LLC, *et al.*,                            :    Case No. 10-14419 (SCC)
                                                             :
                                                             :
                          Debtors.                           :    Jointly Administered
                                                             x
------------------------------------------------------------

MARK HOLLIDAY, the Liquidating Trustee of                    :
the BosGen Liquidating Trust,                                :    Adv. Pro. No. 12-01879 (RG)
                                                             :
                          Plaintiff,                         :
                                                             :
              -versus-                                       :
                                                             :
K ROAD POWER MANAGEMENT, *et al.*,                           :
                                                             :
                                                             :
                          Defendants.                        :
                                                             :
------------------------------------------------------------ x

**ORDER APPROVING STIPULATION OF SETTLEMENT DISMISSING ACTION
AGAINST THE GK PARTIES PURSUANT TO FED.R. BANK. P. 9019**

Upon the motion, dated October 28, 2020 [Docket No. 323] (the "Motion"), of Mark Holliday, successor Liquidating Trustee of the Boston Generating Liquidating Trust for an order approving a Stipulation of Settlement Dismissing Action with Prejudice with Respect to the GK Parties, dated October 26, 2020, a copy of which is attached as Exhibit 1 hereto (the "Stipulation of Settlement"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion"); and the Court having jurisdiction to decide the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the confirmed chapter 11 plan in this case; and this Court having found that due and sufficient notice of the Motion and the opportunity for a hearing thereon has been provided; and there being no objections to the Motion; and no additional notice or a hearing being required; and, after due

deliberation, the Court having determined that the proposed settlement is fair and reasonable and in the best interests of the estates and beneficiaries of the Liquidating Trust in the light of the risks, costs and delay of continued litigation and is a proper exercise of the Liquidating Trustee's judgment; and good and sufficient cause appearing therefor, it is hereby

**ORDERED AS FOLLOWS:**

1. The Motion is granted;

2. The Stipulation of Settlement is approved, and the Liquidating Trustee is authorized to perform it according to its terms; and

3. This Court shall retain exclusive jurisdiction with respect to all matters relating to the Motion, the Stipulation of Settlement and this Order

Dated: New York, New York
December 2, 2020

                                                 *s/ Robert D. Drain*
                                               Honorable Robert D. Drain
                                               United States Bankruptcy Judge

# EXHIBIT 1

# STIPULATION OF SETTLEMENT DISMISSING ACTION AGAINST THE GK PARTIES

## RECITALS

WHEREAS:

A.    The above captioned adversary proceeding was commenced on August 17, 2012 [Docket No. 1]. The successor Liquidating Trustee (the "Trustee") filed the Third Amended Complaint on or about April 3, 2019 [Docket No. 272], (the "Complaint");

B.    By Order, dated June 19, 2020 (the "Order"), the Honorable Robert E. Grossman, United States Bankruptcy Judge, dismissed the Complaint pursuant to his June 18, 2020 Memorandum Opinion Resolving Motion to Dismiss Third Amended Complaint.

C.    On July 14, 2020, the Trustee filed his notice of appeal from the Order to the United States District Court for the Southern District of New York. Such appeal was assigned to the Honorable Andrew L. Carter, Jr., United States District Judge. Proceedings on such appeal are presently pending.

D.    GK Debt Opportunity Fund Ltd. n/k/a Onex Debt Opportunity Fund, Ltd. ("GK") and Onex Credit Partners, LLC ("Onex" and together with GK collectively defined herein as the "GK Parties") are named defendants in the Complaint.

E.    The GK Parties and the Trustee have engaged in arms-length negotiations towards a consensual resolution of the Trustee's claims against the GK Parties.

F.    In order to, among other things, avoid the costs and uncertainties associated with litigation and without admitting any wrong doing, the GK Parties and the Trustee have agreed to this stipulation of settlement (the "Stipulation") whereby the Trustee will, in exchange for a cash payment from the GK Parties of $420,000, release the Released Parties (as defined below) from the Released Claims (as defined below) as provided herein.

1

**TERMS OF SETTLEMENT**

It is therefore stipulated and agreed among the Trustee and the GK Parties (the Trustee and the GK Parties, collectively, the "Parties" and each a "Party"), each intending to be legally bound hereby, as follows:

1. Recitals Incorporated:  All of the Recitals set forth above are incorporated by reference herein and made a part hereof.

2. Authority:  Each of the Trustee and the GK Parties represents and warrants to the other that: (i) it has all necessary power and authority to execute and deliver this Stipulation and to perform its respective obligations hereunder; (ii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) other than the Court's (as defined below) approval of the Stipulation, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder.

3. Additional Definitions:  In addition to the other terms defined elsewhere herein, when used in this Stipulation the following terms have the following meanings (all terms defined in this Stipulation in the singular to have the same meaning when used in the plural and *vice versa*):

    (a) "General Partner" means Onex Credit Partners GP, LLC.

    (b) "Limited Release Parties" means each of the Released Parties' past and present affiliates as defined in 17 C.F.R. § 230.405, partners, members, stockholders, officers, directors, employees and agents.

    (c) "Released Claims" means any claims, actions, suits, damages, judgments or demands of any kind, whether known or unknown, contingent, liquidated or unliquidated, with respect to the transactions and other financial activities referred to or described in the Complaint.

2

(d) "Released Parties" means the GK Parties and the General Partner.

(e) "Releasors" means (1) the Trustee, (2) the Trust acting for itself and its beneficiaries, (3) Boston Generating, LLC for itself and its subsidiaries, (4) EBG Holdings LLC, for itself and its subsidiaries, and (5) each of the successors, legal representatives and assigns of the Releasors included in (1) through (4) above.

(f) "Unreleased Parties" means any party other than the Released Parties.

4. Settlement Payment: No later than five (5) business days after the date of the Court's Order approving this Stipulation of Settlement is entered, the GK Parties shall cause to be paid $420,000 (the "Settlement Payment"), to the following account as payment to the Trustee in full settlement of all claims relating thereto under the Complaint against the Released.

> Payee Name:  TheBosGen Liquidating Trust
> Payee TIN:  To be provided
> Payee Address:
> Account Name:  Hunton Andrews Kurth LLP IOLA Attorney Trust Account
> Bank:  Citibank, N.A., New York, NY
> Account Number:  37179593
> ABA Routing Number:  021000089
> Swift Code:  CITIUS33
> Reference:  BosGen 108773/0209101

5. Avoidance: If the Settlement Payment identified in paragraph "4" above is ever avoided or recovered by the GK Parties or any of their successors or assigns or by any party acting on their behalf, this Stipulation shall in all respects be void ab initio and a nullity and shall be of no force and effect, unless the failure to retain such payment is caused by the actions or omissions of the Trustee.

6. Dismissal of Action: Upon receipt of the Settlement Payment, the Complaint shall be dismissed against the GK Parties with prejudice.

108773.0209101 NYC 441498v3

7. <u>Releases</u>: Upon the Trustee's receipt of the Settlement Payment, the Releasors, for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, and having been represented by counsel and having been fully and adequately informed as to the facts, circumstances and consequences of this Stipulation, hereby release and discharge (a) the Released Parties from and against the Released Claims, and (b) the Limited Release Parties from and against Released Claims solely to the extent of monies or securities received by any of the Limited Release Parties from any of the Released Parties with respect to transactions described in the Complaint. For the avoidance of doubt, the General Partner is a Released Party and not a Limited Release Party.

8. <u>Covenant Not to Sue and Reservation Against Unreleased Parties</u>: The Trustee, on behalf of itself, its assignors, and the other Releasors, further covenants and agrees not to pursue or prosecute any suit, claim, action, or proceeding seeking recovery against or from any of the Released Parties with respect to the Released Claims or from the Limited Release Parties with respect to the money or securities for which the Limited Release Parties are being released as identified in Paragraph "7" hereof; provided, however, nothing in this Stipulation shall serve to release, or limit or impair the Trustee's right or ability to conduct this adversary proceeding against or to sue and to recover from, any Unreleased Party.

9. <u>No Admissions</u>: The Releasors and the Released Parties each acknowledge and agree that the matters set forth in this Stipulation constitute the settlement and compromise of all Released Claims and shall not constitute the admission of any fact or liability by the Releasors or by any of the Released Parties regarding any claim, including, but not limited to, the Released Claims, and neither the terms hereof, nor the fact of this Stipulation itself, shall be evidence of any kind in any proceeding, other than a proceeding to enforce the terms of this Stipulation or

108773.0209101 NYC 441498v3

any instrument executed in connection herewith or any claim for damages or other relief for breach of any agreement, representation or warranty contained herein or in any instrument executed in connection herewith.

10. <u>Costs and Expenses</u>:  Each Party shall bear its own costs, attorneys' fees, and expenses entering into this this Stipulation.

11. <u>Binding Effect</u>: This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns.

12. <u>Governing Law</u>:  This Stipulation shall be governed by the laws of the state of New York, without regard to conflicts of law principles that would result in the application of the law of another jurisdiction.

13. <u>Forum Selection</u>:  Any dispute between the Parties to this Stipulation arising out of or relating in any way to this Stipulation shall be resolved in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") and each Party agrees to submit to the jurisdiction of and venue in the Court.

14. <u>No Interpretation Against Drafter</u>:  The Parties cooperated in the drafting of this Stipulation and the provisions hereof shall not be construed against any Party.

15. <u>Subheadings</u>:  Subheadings used herein are intended solely for convenience and ease of reference and have no substantive effect on the terms of the Stipulation.

16. <u>Entire Agreement</u>:  The Trustee and the GK Parties agree that this Stipulation constitutes the entire agreement between the Parties and supersedes all prior or contemporaneous written or oral communications, understandings, and agreements with respect to the subject matter hereof it is expressly understood and agreed that this Stipulation may not be altered,

5

amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each party.

17.     <u>Counterparts</u>: This Stipulation may be executed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

October 26, 2020

| | |
|---|---|
| **ONEX DEBT OPPORTUNITY FUND, LTD.**<br>By: Onex Credit Partners GP, LLC, its general partner | **MARK HOLLIDAY, THE LIQUIDATING TRUSTEE OF THE BOSGEN LIQUIDATING TRUST** |
| By: _____<br>     Steven Gutman, General Counsel | By: _____<br>     Mark Holliday |
| **ONEX CREDIT PARTNERS, LLC** | |
| By: _____<br>     Steven Gutman, General Counsel | |

amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each party.

17.  <u>Counterparts</u>: This Stipulation may be executed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto were on the same instrument, and such counterparts shall be construed together as one instrument. Facsimile or pdf signatures shall be deemed original signatures.

October 26, 2020

**ONEX DEBT OPPORTUNITY FUND, LTD.**
By: Onex Credit Partners GP, LLC, its general partner

By: _____
     Steven Gutman, General Counsel

**MARK HOLLIDAY, THE LIQUIDATING TRUSTEE OF THE BOSGEN LIQUIDATING TRUST**

By: _____
     Mark Holliday

**ONEX CREDIT PARTNERS, LLC**

By: _____
     Steven Gutman, General Counsel